■ In the Matter of ROBERT S. MARKFIELD, Petitioner, v ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Respondent.—Determination of the respondent rendered April 2, 1974 finding petitioner guilty of having violated subdivision (D) of DR 7-107 of the Code of Professional Responsibility and admonishing him therefor, unanimously annulled on the law, without costs and without disbursements, the admonition vacated, and the charge of professional misconduct dismissed. Petitioner acted as one of the attorneys in a criminal trial in New York County entitled *People v Brown* ("the Tombs' Riots Trial"). While the trial was in progress, petitioner participated in a panel discussion concerning prison rebellions. The discussion was carried over Radio Station WBAI-FM. Based upon statements made by petitioner during the course of the program, the respondent Association of the Bar charged petitioner with professional misconduct and with violating subdivision (D) of DR 7-107 of the Code of Professional Responsibility. That disciplinary rule provides as follows: "During the selection of a jury or the trial of a criminal matter, a lawyer or law firm associated with the prosecution or defense of a criminal matter shall not make or participate in making an extra-judicial statement that a reasonable person would expect to be disseminated by means of public communication and that relates to the trial, parties, or issues in the trial or other matters that are reasonably likely to interfere with a fair trial, except that he may quote from or refer

without comment to public records of the court in the case." In finding petitioner guilty of violating the above rule, respondent interpreted it to be an all out "gag" rule, thereby prohibiting any extrajudicial statement relating to the trial, etc., regardless of its effect or lack of effect on the trial. As respondent now seems to concede, interpretation of the rule in that manner would render it unconstitutional. The first amendment right of free speech can be limited with respect to discussion of pending criminal trials only to the extent necessary to protect "fair and orderly judicial administration." *(Pennekamp v Florida,* 328 US 331, 347; *Matter of Oliver,* 452 F2d 111.)* However, we do not agree with respondent's broad interpretation of subdivision (D) of DR 7-107. The apparent purpose of the rule is to prevent an attorney who is associated with the criminal trial from making statements or disseminating matter which would have a likelihood of interfering with the fair administration of justice. In that respect subdivision (D) of DR 7-107 seeks to achieve a fair balance between the attorney's right of free speech as opposed to society's interest in protecting the integrity of the judicial process and thereby guaranteeing a fair and impartial trial. And, while it might appear that subdivision (D) of DR 7-107 if interpreted only to prevent extrajudicial statements which "are reasonably likely to interfere with a fair trial", would pass constitutional muster (see *Sheppard v Maxwell,* 384 US 333, 363; cf. *Matter of Sawyer,* 360 US 622), we are of the belief that application of the rule should be restricted only to those situations where it is found that the extrajudicial statements were such as to present a " 'clear and present danger' to the administration of justice." *(Craig v Harney,* 331 US 367, 372, *Wood v Georgia,* 370 US 375; *Bridges v California,* 314 US 252; *Matter of Oliver v Postel,* 30 NY2d 171.) Indeed, only where the words used present a clear and present danger, can it be said that there is a likelihood of interference with a fair trial. In so interpreting subdivision (D) of DR 7-107, it is accorded its full purpose, for the attorney is given notice of the conduct that will be punished *(Winters v New York,* 333 US 507); his right to free expression is not unreasonably limited, and the judicial process is fully protected. In any event, regardless of the standard imposed in determining the manner in which the attorney's right of free speech may be limited, we find that the statements made by petitioner in the course of the radio panel discussion do not justify the imposition of any disciplinary sanction, informal or otherwise. There was no evidence to indicate that the extrajudicial statements were reasonably likely to interfere with a fair trial. Indeed, the Justice who presided at the criminal trial stated that he knew that petitioner was going to be a panelist on the program; that he did not speak to petitioner about his appearance; that although he received a copy of the tape of the program, he did not speak to petitioner about it; that he never filed a complaint with respect to the incident; and that he did not think the program had any bearing on the conduct of the trial or had an effect upon the deliberations or thoughts of the jurors or was reasonably likely to do so. We therefore conclude that petitioner did not violate subdivision (D) of DR 7-107 and that the admonition should be vacated. Concur—Markewich, J. P., Lupiano, Tilzer, Nunez and Yesawich, JJ.