■ In the Matter of MARY KAMPA, Appellant, v JOHN KAMPA, Respondent. [703 NYS2d 486] —In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Nassau County (Koenig, J.), dated September 14, 1998, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, and the petition is reinstated.

On August 13, 1998, the petitioner filed a family offense petition against the respondent, her former husband, in the Family Court, Nassau County. The Family Court then issued a temporary order of protection directing the respondent to stay away from the petitioner and to communicate with her only on matters pertaining to the parties' children. When the respondent allegedly violated the temporary order of protection, he was arrested and criminal charges were filed against him in the Long Beach City Court. After a hearing, the Family Court dismissed the petitioner's family offense petition on the ground that the respondent was being prosecuted in the Long Beach City Court for violating the temporary order of protection. We reverse.

In 1994 the Legislature enacted the Family Protection and Domestic Violence Intervention Act to help ensure that victims of family offenses receive "the fullest protections of our civil and criminal laws" (L 1994, ch 222, § 1). To this end, the 1994 Act amended Family Court Act § 115 to add subdivision (e), which provides that "[t]he family court has concurrent jurisdiction with the criminal court over all family offenses". Furthermore, as amended in 1994, Family Court Act § 847 now provides that a family offense "which occurs subsequent to the issuance of an order of protection under this article shall be deemed a new offense for which the petitioner may file a petition alleging a violation of an order of protection or file a new petition alleging a new family offense and may seek to have an accusatory instrument filed in a criminal court, as authorized by section one hundred fifteen of this act". A petitioner in a family offense proceeding who alleges that a temporary order of protection issued by the Family Court has been violated thus has a statutory right to seek to prosecute the offender in criminal court. Accordingly, the Family Court erred in dismissing the pending family offense petition based solely upon the petitioner's decision to file a criminal complaint against the respondent for his violation of the temporary order of protection. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.