■ In the Matter of ROSITA GONZALEZ, Respondent, v EMMANUEL ACOSTA, Appellant. [901 NYS2d 332]—In a family offense proceeding pursuant to Family Court Act article 8, Emmanuel Acosta appeals from an order of protection of the Family Court, Kings County (Feldman, J.), dated May 12, 2009, which, after a fact-finding hearing, and upon a finding, in effect, that he committed the family offense of harassment, inter alia, directed that he stay 100 yards away from Rosita Gonzalez for a period of two years.

Ordered that the order of protection is affirmed, without costs or disbursements.

The fair preponderance of the credible evidence adduced at the fact-finding hearing supported the Family Court's finding, in effect, that the appellant committed acts constituting the family offense of harassment in the second degree, thus warranting the issuance of an order of protection (*see Matter of Halper v Halper*, 61 AD3d 687 [2009]; *Matter of Sblendorio v D'Agostino*, 60 AD3d 773 [2009]). The appellant challenges the credibility of the petitioner's testimony that he committed the acts alleged in the petition. The Family Court's credibility de-

termination is entitled to great weight and we find no reason to disturb that determination (*see Matter of Phillips v Laland*, 4 AD3d 529 [2004]). Moreover, the provision in the order of protection requiring the appellant to stay away from the church which the petitioner attends was reasonably necessary to provide meaningful protection and to end the family disruption (*see* Family Ct Act § 812 [2] [b]; § 842; *Matter of Mitchell v Muhammed*, 275 AD2d 783 [2000]; *Matter of Amy Cohen L. v Howard N.L.*, 222 AD2d 677 [1995]).

Contrary to the appellant's contention, under the facts of this case, the Family Court's failure to hold a dispositional hearing does not require reversal (*see Matter of Hassett v Hassett*, 4 AD3d 527 [2004]; *Matter of Dabbene v Dabbene*, 297 AD2d 812, 812-813 [2002]; *cf. Matter of Alice C. v Joseph C.*, 212 AD2d 698 [1995]).

The appellant's remaining contentions are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.