■ In the Matter of TRACEY SCIOSCIA, Respondent, v DANTE SCIOSCIA, Appellant. [931 NYS2d 892]—

Although the order of protection expired by its own terms on July 19, 2011, the appeal has not been rendered academic in light of the enduring consequences which may potentially flow

from a finding that the appellant committed a family offense (*see Matter of Willis v Rhinehart*, 76 AD3d 641, 642 [2010]; *Matter of Wallace v Wallace*, 45 AD3d 599 [2007]; *Matter of DeSouza-Brown v Brown*, 38 AD3d 888 [2007]).

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Bibolova v Radu*, 82 AD3d 1222, 1223 [2011]; *see Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]). Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported the Family Court's determination that the appellant committed the family offense of harassment in the second degree, warranting the issuance of an order of protection (*see Matter of Williams v Maise*, 85 AD3d 933, 934 [2011]; *Matter of Yalvac v Yalvac*, 83 AD3d 853, 854 [2011]; *Matter of Kaur v Singh*, 73 AD3d 1178 [2010]).

The appellant's remaining contentions are without merit. Skelos, J.P., Hall, Lott and Roman, JJ., concur.