■ In the Matter of GRISSEL M. SEPULVEDA, Appellant, v BENJAMIN PEREZ, Respondent. [936 NYS2d 226]—

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (*Matter of DosReis v Rousseau*, 85 AD3d 1028, 1029 [2011] [internal quotation marks omitted]; *see Matter of Richardson v Richardson*, 80 AD3d 32 [2010]; *see Matter of Luke v Luke*, 72 AD3d 689 [2010]). Here, the Family Court was presented with sharply conflicting testimony as to whether the father harassed the mother. The Family Court's determination that the mother failed to establish that a family offense was committed was based upon its assessment of the credibility of the parties, and is supported by the record (*see Matter of DosReis v Rousseau*, 85 AD3d 1028 [2011]; *Matter of Richardson v Richardson*, 80 AD3d 32 [2010]). Accordingly, we decline to disturb the Family Court's determination.

Furthermore, contrary to the mother's contention, the Family Court did not err in modifying a prior order of visitation so as to require that her visitation with the child be supervised without conducting a hearing on that issue. Once a visitation order is entered, it may be modified only where "there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 467 [b]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]). Although, in general, an evidentiary hearing is necessary regarding a modification of visitation, "a hearing will not be necessary where the court possesses

adequate relevant information to enable it to make an informed and provident determination as to the child's best interest" (*Matter of Hom v Zullo*, 6 AD3d 536 [2004]; *see Matter of Lamarche v Jessie*, 74 AD3d 1341, 1341-1342 [2010]). Here, in light of, inter alia, the parties' numerous court appearances and submissions, and the Family Court's near-constant supervision of this matter, we conclude that the Family Court possessed sufficient information to render an informed determination consistent with the best interests of the child. Furthermore, the record supports a finding that modification of the prior visitation order so as to require that the mother's visitation with the child be supervised was not an improvident exercise of discretion (*see Matter of Luis O. v Jessica S.*, 89 AD3d 735 [2011]; *Matter of Jeffers v Hicks*, 67 AD3d 800, 801 [2009]; *Matter of Attallah N.*, 65 AD3d 1047, 1048 [2009]; *Matter of Perez v Sepulveda*, 51 AD3d 673, 673-674 [2008]; *Matter of Hom v Zullo*, 6 AD3d at 536; *see also Matter of Minus v Lannaman*, 81 AD3d 830, 831 [2011]; *Constantin v Wicks*, 108 AD2d 715 [1985]).

However, the Family Court erred in granting that branch of the motion of the attorney for the child which was to prohibit the mother from engaging in any communications with the media about this, about the respondent, or about the subject child, and to prohibit her from providing any personal information relating to the subject child to any website or Internet location (*see Matter of Anonymous v Anonymous*, 203 AD2d 283 [1994]; *cf. Matter of Katherine B.*, 189 AD2d 443 [1993]; *Matter of National Broadcasting Co. v Cooperman*, 116 AD2d 287 [1986]; *Matter of Markfield v Association of Bar of City of N.Y.*, 49 AD2d 516 [1975]). Although we recognize that communications or disclosures made by the mother which are inconsistent with the best interests of the child would serve to support the additional curtailment of the mother's parental rights or the issuance of an order limiting her communications (*see e.g. Matter of Luis O. v Jessica S.*, 89 AD3d 735 [2011]; *Matter of Greene v Gordon*, 7 AD3d 528, 529 [2004]), our review of the record before us indicates that the attorney for the child failed to adduce sufficient evidence to justify such relief at this time.

The mother's remaining contentions are without merit. Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.