*757 In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from two orders of the Family Court, Dutchess County (Sammarco, J.), both dated July 12, 2011, which, after a hearing, inter alia, dismissed the petition.
Ordered that the orders are affirmed, without costs or disbursements.
The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determination regarding the credibility of witnesses is entitled to considerable deference on appeal (see Matter of Sepulveda v Perez, 90 AD3d 1057 [2011]; Matter of DosReis v Rousseau, 85 AD3d 1028, 1029 [2011]; Matter of Richardson v Richardson, 80 AD3d 32, 43-44 [2010]; Matter of Fiore v Fiore, 34 AD3d 803 [2006]).
Here, the Family Court’s determination that the father failed to establish acts constituting a family offense was based upon its assessment of the parties’ credibility and is supported by the record (see Matter of Sepulveda v Perez, 90 AD3d 1057 [2011]; Matter of DosReis v Rousseau, 85 AD3d 1028 [2011]; Matter of Richardson v Richardson, 80 AD3d 32 [2010]; Matter of King v Flowers, 13 AD3d 629 [2004]). Moreover, under the circumstances here, the Family Court did not improvidently exercise its discretion in denying the father’s request for an adjournment in order to obtain previously subpoenaed telephone records (see Matter of Anthony M., 63 NY2d 270, 283 [1984]; Garritano v Garritano, 62 AD3d 657, 658 [2009]; Cabral v Cabral, 35 AD3d 779, 779-780 [2006]; People v Perez, 249 AD2d 492 [1998]).
Since the allegations in the petition were not established, the Family Court properly dismissed the petition (see Matter of Aruti v Aruti, 88 AD3d 700, 701 [2011]; Matter of Rivera v Quinones-Rivera, 15 AD3d 583 [2005]; Matter of King v Flowers, 13 AD3d 629 [2004]). Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.