■ In the Matter of PHILLIP HOHN, Respondent, v NANCY GUIRAND, Appellant. [947 NYS2d 336]

Although the order of protection expired by its own terms on August 5, 2011, the appeal has not been rendered academic in light of the enduring consequences which may potentially flow from a finding that the appellant committed a family offense (*see Matter of Scioscia v Scioscia*, 89 AD3d 739, 740 [2011]; *Matter of Willis v Rhinehart*, 76 AD3d 641, 642 [2010]).

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to deference on appeal (*see Matter of Scioscia v Scioscia*, 89 AD3d at 740). Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported the Family Court's determination that the appellant committed the family offense of harassment in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812 [1]; 832; Penal Law § 240.26 [1], [3]; *Matter of Scioscia v Scioscia*, 89 AD3d at 740; *Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]).

The appellant's remaining contention is without merit. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.