*780 In two related family offense proceedings pursuant to Family Court Act article 8, Shannon L. Samida appeals from (1) an order of the Family Court, Nassau County (Dikranis, J.), dated November 7, 2011, which, after a hearing, dismissed her petition, and (2) an order of protection of the same court, also dated November 7, 2011, which, after a hearing, and, in effect, upon a finding that she had committed certain family offenses, directed her, inter alla, to stay away from Christopher M. Samida until and including November 6, 2013.
Ordered that the order and the order of protection are affirmed, without costs or disbursements.
Although the order of protection expired by its own terms on November 6, 2013, the appeal therefrom has not been rendered academic in light of the enduring consequences which may potentially flow from a finding that the appellant committed the subject family offenses (see Matter of Saldivar v Cabrera, 109 AD3d 831 [2013]; Matter of Hohn v Guirand, 97 AD3d 578 [2012]; Matter of Scioscia v Scioscia, 89 AD3d 739 [2011]).
The appellant contends that the Family Court erred in denying her request for an adjournment of a hearing and that the court thereby denied her a fair hearing. “An application for a continuance or adjournment is addressed to the sound discretion of the [hearing] court, and the grant or denial thereof will be upheld on appellate review if the trial court providently exercised its discretion” (Nieves v Tomonska, 306 AD2d 332, 332 [2003]). Contrary to the appellant’s contention, the Family Court, which had previously granted her application for an adjournment, did not improvidently exercise its discretion in denying her request for an adjournment made on the date set for the hearing (see Matter of Anthony M., 63 NY2d 270, 283 [1984]; Matter of Winfield v Gammons, 105 AD3d 753 [2013]; Atwater v Mace, 39 AD3d 573 [2007]; Matter of Steven B., 24 AD3d 384 [2005], affd 6 NY3d 888 [2006]).
Additionally, the Family Court providently exercised its discretion in declining to conduct an in camera interview of the appellant’s 17-year-old child from a prior relationship (see Matter of Asgedom v Asgedom, 51 AD3d 787 [2008]; Matter of Neu v Neu, 303 AD2d 509 [2003]; Matter of Cardarelli v Cardarelli, 277 AD2d 225 [2000]). Moreover, under the circumstances of this case, it was not an improvident exercise of discretion for the Family Court to deny the appellant’s request to appoint an attorney to represent that child and the parties’ children (cf. Matter of Pamela N. v Neil N., 93 AD3d 1107 [2012]).
Accordingly, the Family Court properly dismissed the appellant’s family offense petition and issued an order of protection *781 against the appellant. Dillon, J.E, Chambers, Austin and Duffy, JJ., concur.