■ In the Matter of PAUL DENKEWITZ, Respondent, v KERRIE SUNDARA, Appellant. [11 NYS3d 878]—Appeal from an order of protection of the Family Court, Suffolk County (Martha L. Luft, J.), dated March 25, 2014. The order of protection, upon a finding, after a hearing, that Kerrie Sundara committed a family offense within the meaning of Family Court Act § 812, directed her, inter alia, to stay away from the petitioner through March 25, 2015.

Ordered that the order of protection is affirmed, with costs.

Although the order of protection expired by its own terms on March 25, 2015, the appeal therefrom has not been rendered academic in light of the enduring consequences which may potentially flow from a finding that the appellant committed a family offense (*see Matter of Samida v Samida*, 116 AD3d 779, 780 [2014]; *Matter of Saldivar v Cabrera*, 109 AD3d 831 [2013]; *Matter of Hohn v Guirand*, 97 AD3d 578 [2012]).

Contrary to the appellant's contention, the Family Court did not improvidently exercise its discretion in denying her belated

application for a continuance in order to secure the attendance of certain witnesses. "An application for a continuance or adjournment is addressed to the sound discretion of the [hearing] court, and the grant or denial thereof will be upheld on appellate review if the [hearing] court providently exercised its discretion" (*Nieves v Tomonska*, 306 AD2d 332, 332 [2003]; *see Matter of Martinez v Ramos*, 122 AD3d 927, 928 [2014]; *Matter of Samida v Samida*, 116 AD3d at 780; *Matter of Winfield v Gammons*, 105 AD3d 753, 754 [2013]). Here, after the parties had completed their testimony and had been afforded the opportunity to present summation arguments, the appellant made the instant application for a continuance. The appellant failed to identify to the court the witnesses she wished to call or provide any offer of proof regarding the materiality of their proposed testimony (*see Nieves v Tomonska*, 306 AD2d at 332; *see also People v Queen*, 258 AD2d 480, 481 [1999]). Moreover, under the circumstances of this case, the appellant's counsel's statement to the effect that he misunderstood the nature of the hearing did not warrant granting the application for a continuance. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.