■ In the Matter of ZENIPH THOMAS-JAMES, Respondent, v CAANAN JAMES, Appellant. [23 NYS3d 909]—Appeal from an order of protection of the Family Court, Suffolk County (William J. Burke, Ct. Atty. Ref.), dated May 5, 2014. The order of protection, after a hearing, inter alia, directed the respondent to stay away from the petitioner for a period of five years.

Ordered that the order of protection is affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding against the respondent pursuant to Family Court Act article 8. After a hearing, the Family Court issued an order of protection, inter alia, directing the respondent to stay away from the petitioner for a period of five years.

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (*Matter of Richardson v Richardson*, 80 AD3d 32, 43-44 [2010]; *see Matter of Medranda v Mondelli*, 74 AD3d 972 [2010]; *Matter of Delano v Desimone*, 60 AD3d 673, 673-674 [2009]). Here, the court was presented with the sharply conflicting testimony from the parties regarding the events that occurred on the subject date. The court's determination to credit the testimony of the petitioner in finding, by a preponderance of the evidence, that a family offense had been committed is supported by the record and, thus, will not be disturbed. Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.