■ In the Matter of Bibi Azad, Respondent, v Nizam Azad, Appellant. [39 NYS3d 817]—Appeal by Nizam Azad from an order of protection of the Family Court, Queens County (Anne-Marie Jolly, J.), dated September 18, 2015. The order of protection, after a hearing, directed him, inter alia, to stay away from the petitioner until and including September 18, 2017.

Ordered that the order of protection is affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding against the appellant pursuant to Family Court Act article 8. After a hearing, the Family Court determined that the appellant committed a family offense against the petitioner and issued an order of protection directing him, inter alia, to stay away from the petitioner until and including September 18, 2017.

"The allegations in a family offense proceeding must be 'supported by a fair preponderance of the evidence'" (*Matter of Tulshi v Tulshi*, 118 AD3d 716, 716 [2014], quoting Family Ct Act § 832; *see Matter of Jarrett v Jarrett*, 102 AD3d 695 [2013]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (*Matter of Richardson v Richardson*, 80 AD3d 32, 43-44 [2010]; *see Matter of Thomas-James v James*, 136 AD3d 675, 675 [2016]). Here, the Family Court's determination to credit the petitioner's testimony in finding, by a preponderance of the evidence, that a family offense had been committed is supported by the record and, thus, will not be disturbed (*see Matter of Thomas-James v James*, 136 AD3d at 675). Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.