Matter of Vella v Dillman (2018 NY Slip Op 02636)





Matter of Vella v Dillman


2018 NY Slip Op 02636


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-08266
 (Docket No. O-4583-17)

[*1]In the Matter of Philip Vella, respondent, 
v
Jodi Dillman, appellant.


Arza Feldman, Uniondale, NY (Steven Feldman of counsel), for appellant.



DECISION & ORDER
In a family offense proceeding, Jodi Dillman appeals from an order of protection of the Family Court, Suffolk County (Bernard Cheng, J.), dated July 19, 2017. The order, upon a finding, made after a hearing, that the appellant committed the family offense of harassment in the second degree directed her, inter alia, to stay away from the petitioner until and including July 19, 2018.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner filed a family offense petition in Family Court seeking an order of protection against the appellant, who is his ex-girlfriend. Following fact-finding and dispositional hearings, the Family Court determined that the appellant had committed the family offense of harassment in the second degree and issued an order of protection directing her, inter alia, to stay away from the petitioner until and including July 19, 2018.
The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Porter v Moore, 149 AD3d 1082, 1083; Matter of Acevedo v Acevedo, 145 AD3d 773, 774; Matter of Silva v Silva, 125 AD3d 869, 870). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Richardson v Richardson, 80 AD3d 32, 43-44; see Matter of Shank v Shank, 155 AD3d at 876; Matter of Fuel v Chaca, 150 AD3d at 1232; Matter of Nusbaum v Nusbaum, 59 AD3d 725, 725). Here, the Family Court was presented with conflicting testimony as to whether the appellant [*2]committed the family offense of harassment in the second degree. The court's determination that the appellant had committed that family offense was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Streat v Streat, 117 AD3d 837, 838; Matter of Winfield v Gammons, 105 AD3d 753, 754; Matter of Luke v Luke, 72 AD3d 689, 689).
Contrary to the appellant's contention, the Family Court did not improvidently exercise its discretion in denying her belated application for a continuance in order to secure the attendance of a certain witness. " An application for a continuance or adjournment is addressed to the sound discretion of the [hearing] court, and the grant or denial thereof will be upheld on appellate review if the [hearing] court providently exercised its discretion'" (Matter of Denkewitz v Sundara, 130 AD3d 723, 724, quoting Nieves v Tomonska, 306 AD2d 332, 332; see Matter of Martinez v Ramos, 122 AD3d 927, 928; Matter of Samida v Samida, 116 AD3d 779, 780; Matter of Winfield v Gammons, 105 AD3d at 754; Matter of Lannaman v Minus, 96 AD3d 756, 757). Here, the appellant identified no reason why she could not have anticipated the need for the witness's testimony.
The appellant's remaining contentions are without merit.
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court