Lieberman v Lieberman (2018 NY Slip Op 08635)





Lieberman v Lieberman


2018 NY Slip Op 08635


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-02842
 (Index No. 53429/09)

[*1]Hannah Lieberman, respondent, 
v
Adam Lieberman, appellant.


The Edelsteins Faegenburg & Brown, LLP, New York, NY (Adam Edelstein and Louis A. Badolato of counsel), for appellant.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated March 1, 2016. The order, insofar as appealed from, denied the defendant's motion to vacate so much of an order of the same court dated February 9, 2015, as, sua sponte, directed the defendant "not to disseminate personal information regarding the plaintiff to any non-party other than in the course of professional, therapeutic, or medical treatment."
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion is granted.
The parties were divorced in May 2011, and the defendant was subsequently awarded sole legal and physical custody of the parties' children. In December 2014, the plaintiff moved, inter alia, to hold the defendant in contempt of court. In an order dated February 9, 2015, the Supreme Court denied the motion, and, sua sponte, directed the defendant "not to disseminate personal information regarding the plaintiff to any non-party other than in the course of professional, therapeutic, or medical treatment," as such disclosure was not in the best interests of the children (hereinafter the nondissemination provision). The defendant moved to vacate the nondissemination provision, and the court denied his motion.
We disagree with the Supreme Court's denial of the defendant's motion to vacate (see Matter of Sepulveda v Perez, 90 AD3d 1057; Matter of Anonymous v Anonymous, 203 AD2d 283). There is insufficient evidence in the record to demonstrate that the nondissemination provision in the February 9, 2015, order was necessary to insure the children's best interests (see Matter of Sepulveda v Perez, 90 AD3d at 1059). In any event, the nondissemination provision was not narrowly tailored to achieve that end (see Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, 258 AD2d 610, 612).
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court