Matter of Parker v Parker (2021 NY Slip Op 03456)





Matter of Parker v Parker


2021 NY Slip Op 03456


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2020-02795
 (Docket No. O-2895-19)

[*1]In the Matter of Jeffrey Parker, etc., respondent,
v
Rhonda Parker, appellant.


Kelli M. O'Brien, Goshen, NY, for appellant.
Ronna L. DeLoe, Larchmont, NY, for respondent. 
Gary E. Eisenberg, New City, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the mother appeals from an order of disposition of the Family Court, Orange County (Christine P. Krahulik, J.), dated January 30, 2020. The order of disposition, upon the granting of the father's motion, in effect, for summary judgment on the issue of whether the mother committed a family offense against the parties' child, and after a dispositional hearing, directed the mother to comply with the terms of an order of protection of the same court dated October 10, 2019.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
Jeffrey Parker (hereinafter the father) and Rhonda Parker (hereinafter the mother) are the parents of one child. On June 25, 2019, the mother was convicted of harassment in the second degree in the Justice Court, Town of Newburgh, arising out of an incident that occurred on December 28, 2018, involving the child. The mother was sentenced to a conditional discharge upon the condition, inter alia, that she comply with a one-year order of protection directing her to refrain from committing certain acts against the child. The order of protection was "subject to modification by a Supreme Court or Family Court Judge."
On June 27, 2019, the father filed a family offense petition on behalf of the child in the Family Court, seeking, inter alia, an order of protection directing the mother to stay away from the child. At a hearing held on October 10, 2019, the court granted the father's motion, in effect, for summary judgment on the issue of whether the mother committed a family offense on the basis of her conviction of harassment in the second degree, which arose out of the same conduct as alleged in the petition. Immediately thereafter, the court proceeded to conduct a dispositional hearing, at which the child testified. After the parties indicated, in effect, that there were no more witnesses or evidence to be presented, and additional questioning of the witness by the court, the court advised the parties that it would issue an order of protection directing the mother to, among other things, stay away from the child for a period of two years, except during therapeutic family counseling. The court issued the order of protection on October 10, 2019. Subsequently, in an order of disposition dated January 30, 2020, the court directed the mother to comply with the terms of that order of protection. The mother appeals.
"In 1994 the Legislature enacted the Family Protection and Domestic Violence Intervention Act to help ensure that victims of family offenses receive the fullest protections of our [*2]civil and criminal laws" (Matter of Kampa v Kampa, 268 AD2d 432, 433 [internal quotation marks omitted]). To that end, the Family Court and criminal courts have concurrent jurisdiction over proceedings involving the alleged commission of certain enumerated crimes when allegedly committed by one family member against another, i.e., family offenses, and a petitioner may pursue relief for the same acts in either or both forums (see Family Ct Act §§ 812[1][a]; 813[3]; CPL 100.07; People v Wood, 95 NY2d 509, 512-513; Matter v Richardson v Richardson, 80 AD3d 32, 36; Matter of Alfeo v Alfeo, 306 AD2d 471). "The orientation of Family Court is rehabilitative" (Matter of Brianna L. [Maria A.], 103 AD3d 181, 187 [internal quotation marks omitted]) and directed at protecting, among others, the vulnerable child, "as distinct from the penal nature of a criminal action which aims to assess blame for a wrongful act and punish the offender" (id. at 187 [internal quotation marks omitted]).
Here, contrary to the mother's contentions, the Family Court properly proceeded to conduct a dispositional hearing upon the granting of the father's motion, in effect, for summary judgment on the issue of whether the mother committed a family offense against the child.
Also contrary to the mother's contentions, the dispositional hearing was adequate under the circumstances of this case (see Family Ct Act § 833). The record reflects that the Family Court reached a disposition after giving the parties an adequate opportunity to offer evidence.
The mother's remaining contentions are without merit.
Accordingly, we affirm the order of disposition.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court