Matter of Hefetz v Rosenblatt (2023 NY Slip Op 04769)

Matter of Hefetz v Rosenblatt

2023 NY Slip Op 04769

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-07681
2022-07682
 (Docket No. O-191-22 )

[*1]In the Matter of Jill P. Hefetz, appellant,
v
Michael A. Rosenblatt, respondent.

N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
LoPresti Law, PLLC, Massapequa, NY (Genevieve Lane LoPresti of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from (1) an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated August 22, 2022, and (2) a corrected order of the same court dated September 1, 2022. The order and corrected order, after a hearing, denied the petition and dismissed the proceeding.
ORDERED that the appeal from the order dated August 22, 2022, is dismissed, without costs or disbursements, as that order was superseded by the corrected order dated September 1, 2022; and it is further,
ORDERED that the corrected order dated September 1, 2022, is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding against her brother, the respondent, alleging, inter alia, that he charged at her and pushed her. The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Singh v Kaur, 213 AD3d 771, 771). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of Singh v Kaur, 213 AD3d at 771; Matter of Mullings v Abrahams, 171 AD3d 1070, 1070). Here, contrary to the petitioner's contention, the Family Court's finding that the petitioner failed to adduce sufficient evidence to establish that a family offense was committed by the respondent is supported [*2]by the record (see Matter of Singh v Kaur, 213 AD3d at 771; Matter of Richardson v Richardson, 80 AD3d 32, 44).
The petitioner's remaining contentions are either unpreserved for appellate review or without merit.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court