■ ROSEMARIE MEROLA, Appellant, v RICK A. J. MEROLA, Respondent.—In a proceeding pursuant to Family Court Act § 842 for an order of protection, the petitioner wife appeals from so much of an order of the Family Court, Rockland County (Lefkowitz, J.), dated March 28, 1988, as, after a hearing, permitted the respondent to return to the marital residence.

Ordered that the order is reversed, insofar as appealed from, on the law and the facts, with costs, and the fourth decretal paragraph thereof is deleted and the following condition is added to the first decretal paragraph thereof: "Respondent shall vacate and remain away from the marital residence".

The Family Court found that the evidence adduced at the hearing demonstrated that the respondent husband engaged in conduct which constituted harassment and disorderly conduct and had therefore committed a family offense within the meaning of Family Court Act article 8 *(see,* Family Ct Act § 812 [1]; § 821 [1]; § 832). The court granted the petitioner wife an order of protection pursuant to Family Court Act § 842 which required the respondent, *inter alia,* to refrain from committing any further acts of harassment or disorderly conduct and from using foul and abusive language, and directed him to take care of the marital premises. However, notwithstanding its finding of a family offense, the court permitted the respondent to return to the marital premises on the condition that he comply with the terms of the order of protection and obtain counseling as recommended by the Probation Department. Upon our review of the record, we

conclude that the court erred in failing to direct the respondent to vacate and stay away from the marital premises. The record amply demonstrates that the respondent has conducted himself in a bizarre, offensive and frightening manner toward the petitioner. Although the respondent has not engaged in physical violence against the petitioner, the court's decision to permit the respondent to reside at the marital premises ignores the petitioner's fragile health due to a heart condition for which she was recently hospitalized, and her well-founded fear of the respondent. Thus, it is clear that a directive to the respondent to vacate the marital residence is reasonably necessary to provide meaningful protection to the petitioner and to eradicate the root of the family disturbance *(see, Matter of Leffingwell v Leffingwell,* 86 AD2d 929; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 842, at 194; *see also, Kilmer v Kilmer,* 109 AD2d 1004). Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.