■ In the Matter of MARIA QUINTANA, Respondent, v JUAN QUINTANA, Appellant. [654 NYS2d 27] —Order, Family Court, New York County (Leah Marks, J.), entered March 20, 1996, which, after a hearing, granted petitioner's application for an order of protection and, *inter alia*, directed respondent to stay away from petitioner and their marital residence, unanimously affirmed, without costs.

Family Court's findings of harassment and attempted assault are supported by a preponderance of the evidence showing that respondent, among other things, hit petitioner with a thick piece of rubber, threw her against the wall, and dragged her out of bed and onto the floor. Such "offensive and frightening" conduct justified the disposition directing respondent to stay away from the marital residence as reasonably necessary to provide meaningful protection and to eradicate the root of the family disturbance (*Matter of Amy Cohen L. v Howard N. L.*, 222 AD2d 677; *Merola v Merola*, 146 AD2d 611). There is no merit to respondent's contention that Family Court was required to hold a separate dispositional hearing where the court did receive and consider the type of evidence that would have been admitted at a dispositional hearing had the court formally chosen to bifurcate the matter (Family Ct Act § 835). Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.