▆ BARBARA E., Appellant, v JOHN E., Respondent. [843 NYS2d 75]—

Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about January 30, 2007 under Docket No. O-01015/07, which, after a fact-finding hearing, granted a two-

year order of protection in favor of petitioner and against respondent and denied petitioner's application that respondent be excluded from the family home, unanimously modified, on the law and the facts, to the extent of directing that respondent be excluded from the family home, otherwise affirmed, without costs. Order, same court and Justice, entered on or about January 30, 2007 under Docket No. O-01881/07, which, following a fact-finding hearing, granted a two-year order of protection in favor of respondent and against appellant, unanimously affirmed, without costs.

Family Court found that respondent committed family offenses against appellant that would constitute assault in the third degree, harassment in the second degree, and attempted assault in the third degree. Appellant's credible testimony established that respondent knocked her unconscious on one occasion resulting in a two-inch bump on her head, he verbally abused her on a daily basis, hit her, and broke household items or threw things at her whenever he was angry. Appellant, who was wheelchair bound and undergoing treatment for cancer, was particularly vulnerable to respondent's verbal and physical abuse, and an order of protection directing respondent's exclusion from the home was necessary to provide meaningful protection for appellant and to eradicate the root of the family disturbance (*see Matter of Charles v Charles*, 21 AD3d 487 [2005]; *Merola v Merola*, 146 AD2d 611 [1989]; *Matter of Leffingwell v Leffingwell*, 86 AD2d 929 [1982]).

The order of protection granted in favor of respondent was appropriate in light of the finding that appellant committed a family offense that would constitute harassment in the second degree based upon her admission that she slapped respondent (Penal Law § 240.26 [1]).

We have considered appellant's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.