■ In the Matter of DEBBY SBLENDORIO, Respondent, v PAT D'AGOSTINO, Appellant. [877 NYS2d 92]—In a family offense proceeding pursuant to Family Court Act article 8, Pat D'Agostino appeals from an order of protection of the Family Court, Richmond County (McElrath, J.), dated November 19, 2007, which, after a fact-finding hearing, and upon a finding that he committed the family offense of harassment in the second degree, directed him to stay away from the petitioner and the parties' child for a period of two years.

Ordered that the order of protection is affirmed, without costs or disbursements.

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (*see Matter of Asgedom v Asgedom*, 51 AD3d 787 [2008]; *Matter of Kraus v Kraus*, 26 AD3d 494, 495 [2006]; *Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562 [2005]). The Family Court's credibility determination is entitled to great weight on appeal (*see Matter of Hall v Hall*, 45 AD3d 842 [2007]; *Matter of Pastore v Russo*, 38 AD3d 556, 557 [2007]; *Matter of Meiling Zhang v Jinghong Zhu*, 36 AD3d 704 [2007]). Here, the fair preponderance of the credible evidence adduced at the fact-finding hearing supported the Family Court's determination that in July 2004, the appellant committed the family offense of harassment in the second degree (*see* Penal Law § 240.26 [1]; *Matter of Asgedom v Asgedom*, 51 AD3d 787 [2008]). There is no merit to the appellant's contention that he was prejudiced by the Family Court's failure to hold a dispositional hearing before issuing a two-year order of protection. The appellant contends

that he was prevented from admitting a therapist's report and a probation report for review by the court at disposition. On the facts of this case, the Family Court's failure to hold a dispositional hearing does not require reversal (*see Matter of Hassett v Hassett*, 4 AD3d 527 [2004]; *Matter of Dabbene v Dabbene*, 297 AD2d 812, 813 [2002]; *Matter of Annie C. v Marcellus W.*, 278 AD2d 177 [2000]; *Matter of Quintana v Quintana*, 237 AD2d 130 [1997]). In any event, upon the exercise of our factual review power, we find that the Family Court's disposition awarding the petitioner and the parties' child a two-year order of protection was not against the weight of the evidence (*see Matter of Tyquan Y.*, 55 AD3d 843 [2008]; *Matter of Donta J.*, 35 AD3d 740 [2006]).

The appellant's remaining contentions are without merit. Mastro, J.P., Skelos, Dillon and Eng, JJ., concur.