■ In the Matter of TYRIE PENN, Respondent, v JEFFREY CALVIN JOHNSON, Appellant. [899 NYS2d 638]—In a family offense proceeding pursuant to Family Court Act article 8, Jeffrey Calvin Johnson appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Ross, J.H.O.), dated April 30, 2009, which, after a hearing, found that he committed the family offenses of harassment in the second degree and disorderly conduct, and directed him to observe the conditions set forth in an order of protection of the same court also dated April 30, 2009, up to and including April 29, 2010, and (2) the order of protection dated April 30, 2009.

Ordered that the appeals from the order of protection and so much of the order of fact-finding and disposition as directed the appellant to observe the conditions set forth in the order of protection up to and including April 29, 2010, are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the order of protection and the dispositional portion of the order of fact-finding and disposition have been rendered academic by the expiration of the time limits contained therein (see Matter of Hunt v Hunt, 51 AD3d 924, 925 [2008]; Matter of Mazzola v Mazzola, 280 AD2d 674 [2001]).

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Lallmohamed v Lallmohamed, 23 AD3d 562 [2005]), and its credibility determinations are entitled to great weight on appeal (see Matter of Halper v Halper, 61 AD3d 686, 687 [2009]; Matter of Ford v Pitts, 30 AD3d 419, 420 [2006]). Contrary to the appellant's contention, there was legally sufficient evidence that he committed acts constituting the family offenses of harassment in the second degree and disorderly conduct, and those offenses were also proved by a preponderance of the evidence (see Family Ct Act § 832; Penal Law §§ 240.20, 240.26 [1]; Matter of Nusbaum v Nusbaum, 59 AD3d 725 [2009]; People v Kearns, 56 AD3d 1047 [2008]; People v Collins, 178 AD2d 789 [1991]). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.