In the Matter of JANE MEDRANDA, Respondent, v DINO MONDELLI, Appellant. [901 NYS2d 867]—In a family offense proceeding pursuant to Family Court Act article 8, Dino Mondelli appeals from an order of protection of the Family Court, Putnam County (Rooney, J.), dated July 22, 2009, which, after a hearing, and upon a finding that he committed the family offense of disorderly conduct, directed him, inter alia, to stay away from the petitioner for a period of two years, except while picking up or dropping off the parties' daughter for visitation.

Ordered that the order of protection is affirmed, without costs or disbursements.

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed unless clearly unsupported by the record (*see Matter of Penn v Johnson*, 73 AD3d 784 [ 2010]; *Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]; *Matter of Holder v Francis*, 67 AD3d 679 [2009]; *Matter of Sblendorio v D'Agostino*, 60 AD3d 773 [2009]; *Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562 [2005]). Here, the fair preponderance of the credible evidence adduced at the fact-finding hearing supported the Family Court's finding (*see* Family Ct Act § 812 [1]; Penal Law § 240.20 [1]; *Matter of Penn v Johnson*, 73 AD3d 784 [2010]).

Furthermore, the Family Court properly issued an order of protection directing the appellant, inter alia, to stay away from the petitioner for a period of two years, except while picking up or dropping off the parties' daughter for visitation (*see* Family Ct Act § 812 [1]; *Matter of Braham v Braham*, 264 AD2d 418 [1999]; *Matter of Quintana v Quintana*, 237 AD2d 130 [1997]; *Matter of Amy Cohen L. v Howard N.L.*, 222 AD2d 677 [1995]). Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.