In the Matter of BRIAN G. SMITH, Respondent, v DONNA L. FALCO-BORIC, Appellant. [929 NYS2d 870]—

Although the order of protection expired by its own terms on August 12, 2011, the appeal has not been rendered academic in light of "the enduring consequences which may potentially flow from a finding that the appellant committed a family offense" (*Matter of Willis v Rhinehart*, 76 AD3d 641, 642 [2010]; *see*

*Matter of Wallace v Wallace*, 45 AD3d 599 [2007]; *Matter of Hogan v Hogan*, 271 AD2d 533 [2000]).

The Family Court failed to state on the record the facts which it deemed essential to its determination to grant the petition for an order of protection (*see* CPLR 4213 [b]; *Matter of Jose L.I.*, 46 NY2d 1024, 1025-1026 [1979]; *Matter of Destiny H. [Valerie B.]*, 83 AD3d 939 [2011]). However, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Jose L.I.*, 46 NY2d at 1026; *Matter of Destiny H. [Valerie B.]*, 83 AD3d 939 [2011]). The record does not support the Family Court's finding, in effect, that the appellant committed a family offense warranting the issuance of an order of protection (*see* Family Ct Act § 812).

In light of our determination, we need not reach the appellant's remaining contentions. Angiolillo, J.P., Balkin, Hall and Cohen, JJ., concur.