■ In the Matter of DAVID SPERLING, Respondent, v GLADIS SPERLING, Appellant. [946 NYS2d 877]—

In a family offense proceeding pursuant to Family Court Act article 8, Gladis Sperling appeals from an order of protection of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated June 6, 2011, which, after a hearing, and, in effect, upon a finding that she had committed the family offense of harassment in the second degree, directed her, inter alia, to stay away from the petitioner until and including June 6, 2013.

Ordered that the order of protection is affirmed, without costs or disbursements.

The Family Court failed to state on the record the facts which it deemed essential to its determination to grant the petition for an order of protection (*see* CPLR 4213 [b]; *Matter of Jose L.I.*, 46 NY2d 1024, 1025-1026 [1979]; *Matter of Drury v Drury*, 90 AD3d 754, 755 [2011]; *Matter of Smith v Falco-Boric*, 87 AD3d 1146, 1147 [2011]). However, remittal to the Family Court is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Jose L. I.*, 46 NY2d at 1026; *Matter of Drury v Drury*, 90 AD3d at 755; *Matter of Smith v Falco-Boric*, 87 AD3d at 1147; *Matter of Destiny H. [Valerie B.]*, 83 AD3d 939 [2011]). The evidence adduced at the hearing established, by a preponderance of the evidence, that the wife committed the family offense of harassment in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law § 240.26 [1]; *Matter of Genzen v Genzen*, 74 AD3d 1196 [2010]; *Barbara E. v John E.*, 44 AD3d 426, 427 [2007]; *Matter of Jessica C. v Esteban B.*, 13 AD3d 183 [2004]).

Moreover, contrary to the wife's contention, under the circumstances of this case, the Family Court's failure to hold a dispositional hearing prior to issuing a two-year order of protection does not require reversal (*see Matter of Sblendorio v*

*D'Agostino*, 60 AD3d 773, 773-774 [2009]; *Matter of Hassett v Hassett*, 4 AD3d 527 [2004]; *Matter of Dabbene v Dabbene*, 297 AD2d 812 [2002]; *Matter of Annie C. v Marcellus W.*, 278 AD2d 177, 177-178 [2000]; *Matter of Quintana v Quintana*, 237 AD2d 130 [1997]). In addition, upon the exercise of our factual review power, the Family Court's disposition awarding the husband a two-year order of protection was not against the weight of the evidence (*see Matter of Sblendorio v D'Agostino*, 60 AD3d at 774; *Barbara E. v John E.*, 44 AD3d at 427). Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.