In the Matter of SARBJEET KAUR, Respondent, v GURMAIL SINGH, Appellant. (Proceeding No. 1.) In the Matter of GURMAIL SINGH, Appellant, v SARBJEET KAUR, Respondent. (Proceeding No. 2.) [955 NYS2d 633]—

In a family offense proceeding, the allegations asserted in a petition seeking the issuance of an order of protection must be supported by "a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Hasbrouck v Hasbrouck*, 59 AD3d 621 [2009]; *Matter of Patton v Torres*, 38 AD3d 667, 668 [2007]; *Matter of Dabbene v Dabbene*, 297 AD2d 812 [2002]; *Matter of Hogan v Hogan*, 271 AD2d 533 [2000]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (*see Matter of Luke v Luke*, 72 AD3d 689 [2010]; *Matter of Holder v Francis*, 67 AD3d 679 [2009]; *Matter of Sblendorio v D'Agostino*, 60 AD3d 773 [2009]; *Matter of Fernandez v Pacheco*, 59 AD3d 542, 543 [2009]).

At a fact-finding hearing before the Family Court, it was established by a fair preponderance of the evidence that the father committed the family offenses of reckless endangerment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 120.20), menacing in the second degree (*see* Penal Law § 120.14 [2]; *Matter of Gray v Gray*, 55 AD3d 909, 910 [2008]), and assault in the second degree (*see* Penal Law § 120.05). Further, the Family Court's finding that aggravating circumstances were present was supported by the record (*see Matter of Hassett v Hassett*, 4 AD3d 527 [2004]; *Matter of Reilly v Reilly*, 254 AD2d 361, 362 [1998]; *Matter of Mawhirt v Mawhirt*, 241 AD2d 524 [1997]). Accordingly, the Family Court properly issued an order of protection directing the father, inter alia, to stay away from the minor child for a period of five years (*see* Family Ct Act § 842).

Contrary to the father's contention, under the circumstances of this case, the Family Court's decision not to hold a dispositional hearing prior to issuing the order of protection does not require reversal (*see Sblendorio v D'Agostino*, 60 AD3d at 774; *Matter of Hassett v Hassett*, 4 AD3d 527 [2004]; *Matter of Dabbene v Dabbene*, 297 AD2d at 813; *Matter of Annie C. v Marcellus W.*, 278 AD2d 177 [2000]; *Matter of Quintana v Quintana*, 237 AD2d 130 [1997]). In addition, upon the exercise of our factual review power, the Family Court's disposition was not contrary to the weight of the evidence (*see Matter of Sperling v Sperling*, 96 AD3d 1067, 1068 [2012]; *Matter of Sblendorio v D'Agostino*, 60 AD3d at 774).

Similarly, the Family Court's determination that the denial of visitation with the father was in the child's best interests has a sound and substantial basis in the record and, therefore, we find no basis to disturb it (*see Matter of Samia Z.*, 297 AD2d 385 [2002]; *Matter of Licitra v Licitra*, 255 AD2d 384 [1998]; *Matter of MacEwen v MacEwen*, 214 AD2d 572 [1995]).

The father's remaining contentions are either unpreserved for appellate review or without merit. Mastro, J.P., Angiolillo, Sgroi and Miller, JJ., concur.