■ In the Matter of NURUSSABAH ALAM, Respondent, v MANSOOH ALAM, Appellant. [968 NYS2d 403]—

In a family offense proceeding pursuant to Family Court Act article 8, Mansooh Alam appeals from an order of protection of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated May 18, 2012, which, after a hearing, and upon a finding that he had committed a family offense, directed him, inter alia, to stay away from Nurussabah Alam until and including May 18, 2014.

Ordered that the order of protection is affirmed, without costs or disbursements.

A family offense must be established by a "fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Bazante v Bazante,* 107 AD3d 707 [2013]; *Matter of Maiorino v Maiorino,* 107 AD3d 717 [2013]; *Matter of Kanterakis v Kanterakis,* 102 AD3d 784, 785 [2013]; *Matter of Kaur v Singh,* 101 AD3d 877, 878 [2012]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed unless clearly unsupported by the record (*see Matter of Kanterakis v Kanterakis,* 102 AD3d at 785; *Matter of Kaur v Singh,* 101 AD3d at 878; *Matter of Salazar v Melendez,* 97 AD3d 754, 755 [2012]). Contrary to the appellant's contention, a fair preponderance of the credible evidence supports a determination that he committed acts constituting certain family offenses, warranting the issuance of an order of protection (*see* Family Ct Act § 812; Penal Law §§ 120.14 [1]; 240.26 [1]; *Matter of McCauley v Galante,* 106 AD3d 1089 [2013]; *Matter of Harry v Harry,* 85 AD3d 790, 791 [2011]; *Matter of Kaur v Singh,* 73 AD3d 1178 [2010]). Eng, P.J., Rivera, Hall and Lott, JJ., concur.