In a family offense proceeding pursuant to Family Court Act article 8, Flor Adams appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Ross, J.H.O.), dated December 17, 2012, which, after a hearing, found that she had committed the family offense of disorderly conduct and directed her to comply with an order of protection of the same court dated December 17, 2012, for a period not to exceed one year, and (2) the order of protection dated December 17, 2012, which, inter alia, directed her to stay away from Moustafa Barhouma until and including December 16, 2013.
Ordered that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
“A family offense must be established by a ‘fair preponderance of the evidence’ ” (Matter of Alam v Alam, 108 AD3d 665, 666 [2013], quoting Family Ct Act § 832). “The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed unless clearly unsupported by the record” (Matter of Alam v Alam, 108 AD3d at 666). Con *1067 trary to the appellant’s contention, a fair preponderance of the credible evidence supported the Family Court’s determination that the appellant committed acts which constituted the family offense of disorderly conduct (see Family Ct Act § 812 [1]; Penal Law § 240.20; Matter of Hubbard v Ponce DeLeon, 108 AD3d 628, 629-630 [2013]; Matter of Shields v Brown, 107 AD3d 1005, 1006 [2013]; cf. Matter of Cassie v Cassie, 109 AD3d 337, 341-344 [2d Dept 2013]).
The appellant’s remaining contention does not warrant reversal (see CPLR 2002). Eng, P.J., Balkin, Lott and Roman, JJ., concur.