■ In the Matter of NAKIA C., Appellant, v JOHNNY F.R., Respondent. [978 NYS2d 129]—

Order, Family Court, Bronx County (David B. Cohen, J.), entered on or about January 15, 2013, insofar as it denied petitioner's request that the order of protection remain in effect for five years and that respondent be required to participate in individual counseling and a batterer's program, unanimously modified, on the law, the matter remanded for reconsideration

of the duration of the order of protection in accordance herewith, and otherwise affirmed, without costs.

The court's finding that respondent committed the family offense of reckless endangerment in the second degree is undisputed and in any event supported by the record. After threatening violence against petitioner over the telephone, respondent showed up near her home and, when she drove away with her boyfriend and one of the parties' children, engaged in a high-speed car chase in which he recklessly cut off her car, thereby "creat[ing] a substantial risk of serious physical injury to another person" (Penal Law § 120.20).

The court erred in concluding that there were no aggravating circumstances that would permit it to impose longer than a two-year duration in the order of protection, based on its finding that respondent did not use his car as a dangerous instrument because he did not intend to make or threaten dangerous contact using the car (*see* Family Ct Act §§ 842, 827 [a] [vii]). A dangerous instrument is "any instrument, article or substance, including a 'vehicle' as that term is defined in this section, which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). There is no requirement that the person using the instrument intend to cause serious physical injury.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Freedman and Clark, JJ.