■ In the Matter of Allison S. Rosenbloom, Respondent, v Mark S. Rosenbloom, Appellant. [996 NYS2d 669]—

In a family offense proceeding pursuant to Family Court Act article 8, Mark S. Rosenbloom appeals from an order of protection of the Family Court, Nassau County (Stack, J.H.O.), dated July 29, 2013, which, after a hearing, and upon, in effect, a finding that he had committed certain family offenses, directed him to refrain from committing certain proscribed actions against Allison S. Rosenbloom.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

Although the order of protection expired by its own terms on July 28, 2014, the appeal has not been rendered academic in light of the enduring consequences which may potentially flow from a finding that the appellant committed a family offense (*see Matter of Hohn v Guirand*, 97 AD3d 578 [2012]; *Matter of Scioscia v Scioscia*, 89 AD3d 739, 739-740 [2011]; *Matter of Willis v Rhinehart*, 76 AD3d 641, 642 [2010]).

The Family Court failed to state on the record the facts which it deemed essential to its determination to grant the petition for an order of protection (*see* CPLR 4213 [b]; *Matter of Jose L.I.*, 46 NY2d 1024, 1025-1026 [1979]; *Matter of Smith v Falco-Boric*, 87 AD3d 1146, 1147 [2011]). However, remittal is not necessary, because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Jose L.I.*, 46 NY2d at 1026; *Matter of Smith v Falco-Boric*, 87 AD3d at 1147). The record does not support the Family Court's finding, in effect, that the appellant committed a family offense warranting the issuance of an order of protection (*see* Family Ct Act § 812; *Matter of Smith v Falco-Boric*, 87 AD3d at 1147).

In light of our determination, we need not reach the appellant's remaining contention. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.