■ In the Matter of PAMELA CAMPBELL, Respondent, v O'NEIL CAMPBELL, Appellant. [1 NYS3d 219]—

Appeal from a final order of protection of the Family Court, Queens County (Dennis Lebwohl, J.), dated February 6, 2014. The order, after a fact-finding hearing and upon a finding that O'Neil Campbell committed family offenses within the meaning of Family Court Act § 812, directed him to stay away from the petitioner and observe other stated conditions of behavior for one year.

Ordered that the final order of protection is affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding pur-

suant to Family Court Act article 8 against her adult son, the appellant, who had been living with her since he was a child. After a hearing, the Family Court found that the appellant had committed the family offenses of menacing in the third degree, harassment in the second degree, assault in the third degree, reckless endangerment in the second degree, and criminal mischief in the fourth degree. Based on those findings, the court entered a final order of protection against the appellant with a duration of one year. He now appeals.

A family offense must be established by a "fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Maiorino v Maiorino*, 107 AD3d 717 [2013]; *Matter of Drury v Drury*, 90 AD3d 754 [2011]). The determination of whether a family offense was committed is generally a factual issue to be resolved by the Family Court (*see Maiorino v Maiorino*, 107 AD3d at 717; *Matter of Jackson v Idlett*, 103 AD3d 723, 723 [2013]; *Matter of Kanterakis v Kanterakis*, 102 AD3d 784, 785 [2013]). The court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (*see Maiorino v Maiorino*, 107 AD3d at 717).

Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offenses of menacing in the third degree (*see* Penal Law § 120.15; *Matter of Melind M. v Joseph P.*, 95 AD3d 553, 555 [2012]), and harassment in the second degree (*see* Penal Law § 240.26 [3]; *Matter of Jackson v Idlett*, 103 AD3d at 723; *Matter of Amber JJ. v Michael KK.*, 82 AD3d 1558, 1560 [2011]).

However, contrary to the Family Court's finding, the evidence proffered at the hearing was insufficient to establish by a fair preponderance of the evidence that the appellant committed the family offense of assault in the third degree. A person is guilty of assault in the third degree when "[w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person" (Penal Law § 120.00 [1]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Here, no evidence was presented that petitioner's physical condition was impaired, and there was insufficient evidence to establish that she suffered substantial pain (*see Matter of Philip A.*, 49 NY2d 198, 200 [1980]; *Matter of Spooner-Boyke v Charles*, 121 AD3d 1120 [2014]; *People v Boley*, 106 AD3d 753, 753-754 [2013]; *Matter of Mary Ellen P. v John R.*, 278 AD2d 750, 752-753 [2000]).

Further, the evidence proffered at the hearing was insufficient

to establish by a fair preponderance of the evidence that the appellant committed the family offense of reckless endangerment in the second degree, since the appellant's actions did not create a substantial risk of serious physical injury (*see* Penal Law § 120.20; *cf. Matter of Nakia C. v Johnny F.R.*, 112 AD3d 538, 539 [2013]), or the family offense of criminal mischief in the fourth degree, as there was no proof of property damage (*see* Penal Law § 145.00; *People v Hills*, 95 NY2d 947, 949 [2000]; *People v Collins*, 288 AD2d 756, 758 [2001]).

However, under the circumstances of this case, we conclude that the terms and duration of the order of protection are nevertheless appropriate.

Contrary to the parties' contentions, under the circumstances of this case, the Family Court's decision not to hold a dispositional hearing prior to issuing the final order of protection does not require reversal (*see Matter of Miloslau v Miloslau*, 112 AD3d 632, 632-633 [2013]; *Matter of Kaur v Singh*, 101 AD3d 877, 878 [2012]; *Matter of Sperling v Sperling*, 96 AD3d 1067, 1067-1068 [2012]; *Matter of Sblendorio v D'Agostino*, 60 AD3d 773, 773-774 [2009]; *Matter of Quintana v Quintana*, 237 AD2d 130 [1997]). The appellant's contention that the court improperly threatened a less favorable disposition if he insisted upon such a hearing is not supported by the record. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.