In the Matter of NGN DEEPTI, Respondent, v PARVEEN KAUSHIK, Appellant. [5 NYS3d 299]—

Appeal from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated February 4, 2014. The order, after a fact-finding hearing, and upon a finding that Parveen Kaushik committed family offenses within the meaning of Family Court Act § 812, directed him, inter alia, to stay away from the petitioner and the parties' child until and including February 3, 2016.

Ordered that the order of protection is affirmed, without costs or disbursements.

A family offense must be established by a "fair preponderance of the evidence" (Family Ct Act § 832). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (see Matter of Abatantuno v Abatantuno, 119 AD3d 779, 779 [2014]; Matter of Creighton v Whitmore, 71 AD3d 1141, 1141 [2010]). "In order to facilitate effective appellate review, however, the Family Court, which is the court best able to assess the credibility of the witnesses, must state in its decision the facts it deems essential to its determination" (Matter of Son v Ramos, 117 AD3d 745, 746 [2014] [internal quotation marks omitted]).

Here, the Family Court failed to state on the record the facts which it deemed essential to its determination to grant the petition for an order of protection (see CPLR 4213 [b]; Matter of Jose L.I., 46 NY2d 1024, 1025-1026 [1979]). However, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Jose L.I., 46 NY2d at 1026; Matter of Rosenbloom v Rosenbloom, 122 AD3d 864, 865 [2014]; Matter of Son v Ramos, 117 AD3d at 746). Upon our review, we conclude that a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offenses of assault in the third degree, menacing in the third degree, reckless endangerment in the second degree, harassment in the second degree, and disorderly conduct, warranting the issuance of an order of protection (see Family Ct Act §§ 812 [1]; 832; Penal Law §§ 120.00, 120.15, 120.20, 240.26, 240.20).

The appellant's remaining contentions are without merit. Roman, J.P., Sgroi, LaSalle and Barros, JJ., concur.