■ In the Matter of GLORIA RIORDAN, Respondent, v STEVEN RIORDAN, Appellant. [8 NYS3d 414]—

Appeal from an order of protection of the Family Court, Queens County (Dennis Lebwohl, J.), entered June 2, 2014. The order of protection, after a hearing, directed Steven Riordan, inter alia, to stay away from Gloria Riordan.

Ordered that the order of protection is affirmed, without costs or disbursements.

The petitioner commenced the instant family offense proceeding pursuant to Family Court Act article 8 against the appellant, her adult son. After a hearing, the Family Court found that the appellant committed the family offenses of assault in the third degree, menacing in the second degree, reckless endangerment in the second degree, and criminal mischief in the fourth degree. Based upon those findings, the Family Court issued an order of protection against the appellant, requiring him to stay away from the petitioner and to observe other stated conditions.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see also Matter of Musheyev v Musheyev*, 126 AD3d 800 [2015]).

Here, contrary to the Family Court's finding, the petitioner failed to establish, by a fair preponderance of the evidence, that the appellant committed the family offense of menacing in

the second degree, as there was no evidence that the appellant engaged in a "course of conduct" or "repeatedly commit[ted] acts," which placed or attempted to place the petitioner "in reasonable fear of physical injury" (Penal Law § 120.14 [2]). Further, the evidence was insufficient to establish that the appellant committed the family offense of assault in the third degree, since there was no evidence that the appellant caused physical injury to the petitioner (*see* Penal Law § 120.00 [1], [2]; Penal Law § 10.00 [9]; *Matter of Spooner-Boyke v Charles*, 126 AD3d 907 [2015]; *Matter of Campbell v Campbell*, 123 AD3d 1123 [2014]), or committed the family offense of reckless endangerment in the second degree, as there was no evidence that the appellant engaged in conduct which created "a substantial risk of serious physical injury" to the petitioner (Penal Law § 120.20; *see Matter of Campbell v Campbell*, 123 AD3d at 1125).

However, as the Family Court properly concluded, the petitioner proved, by a preponderance of the evidence, that the appellant committed the family offense of criminal mischief in the fourth degree (*see* Penal Law § 145.00 [1]; *Matter of Abatantuno v Abatantuno*, 119 AD3d 779 [2014]). Under these circumstances, we conclude that the terms and duration of the order of protection were appropriate to address that conduct (*see Matter of Campbell v Campbell*, 123 AD3d at 1125; *Matter of Monos v Monos*, 123 AD3d 931, 932 [2014]). Accordingly, the Family Court properly issued the order of protection. Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.