■ In the Matter of RIVA SARA MILWORM, Respondent, v AHRON MILWORM, Appellant. [17 NYS3d 194]—

Appeal from an order of protection of the Family Court, Kings County (Esther M. Morgenstern, J.), dated October 23, 2014. The order of protection, upon a finding, after a hearing, in effect, that the appellant committed a family offense, directed him to stay away from the petitioner and observe other stated conditions of behavior until and including October 22, 2016.

Ordered that the order of protection is reversed, on the law and the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The Family Court failed to state on the record the facts which it deemed essential to its determination to grant the petition for an order of protection (*see* CPLR 4213 [b]; *Matter of Jose L.I.*, 46 NY2d 1024, 1025-1026 [1979]; *Matter of Rosenbloom v Rosenbloom*, 122 AD3d 864, 865 [2014]; *Matter of Smith v Falco-Boric*, 87 AD3d 1146, 1147 [2011]). However, remittal is not necessary, because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Jose L.I.*, 46 NY2d at 1026; *Matter of Rosenbloom v Rosenbloom*, 122 AD3d at 865).

The allegations asserted in a petition in a family offense proceeding must be supported by "a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Maiorino v Maiorino*, 107 AD3d 717 [2013]; *Matter of Patton v Torres*, 38 AD3d 667, 668 [2007]; *Matter of Dabbene v Dabbene*, 297 AD2d 812 [2002]). Here, the record does not support the Family Court's finding, in effect, that the appellant committed a family offense warranting the issuance of an order of protection (*see* Family Ct Act § 812; *Matter of Rosenbloom v Rosenbloom*, 122 AD3d at 865; *Matter of Smith v Falco-Boric*, 87 AD3d at

1147; *cf. Matter of Alleyne v Ally*, 130 AD3d 718, 718-719 [2015]; *Matter of Jodi S. v Jason T.*, 85 AD3d 1239 [2011]; *Matter of Kappel v Kappel*, 234 AD2d 872, 873 [1996]). The petitioner alleged that the appellant, her father, twice encountered her on a public sidewalk in the neighborhood where he lived and caused her to feel intimidated and fearful. As alleged, the father never spoke a word to the petitioner on these two occasions but, on the second occasion, he used the camera on his cell phone to make a one-minute video recording of the petitioner from across an intersection. At a hearing, the petitioner testified as to these allegations and, in response, the father testified on his own behalf and offered the testimony of his mother, who witnessed a portion of the second encounter. There was no dispute that the father twice encountered the petitioner on a public sidewalk in his neighborhood. However, he testified that these were chance encounters, and he denied that he had any intent to frighten or intimidate the petitioner. Further, he denied that he made a video recording of the petitioner or attempted to do so.

After the hearing, the Family Court made the conclusory finding that the father committed the "felony offense of harassment." This finding was clearly erroneous. No view of the evidence, or the petition for that matter, supports a finding that the petitioner's father committed either of the two harassment offenses that rise to the level of a felony. Aggravated harassment in the first degree, a class E felony, involves specific, abhorrent acts committed "with intent to harass, annoy, threaten or alarm another person" based on a "belief or perception regarding [a] person's race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation" (Penal Law § 240.31), such as etching a noose or swastika on a building without the owner's permission or setting fire to a cross in public view (*see* Penal Law § 240.31 [3], [4], [5]). Clearly, the father's alleged conduct in this case did not fall within the ambit of aggravated harassment in the first degree. Further, aggravated harassment of an employee by an inmate, which is also a class E felony, is certainly not applicable here, as the father is not an "inmate" as defined in that statute (*see* Penal Law § 240.32; Correction Law § 400).

On appeal, the petitioner rightfully acknowledges that, at most, the father's conduct constituted harassment in the second degree, a violation (*see* Penal Law § 240.26 [2]). However, we find that the petitioner failed to establish this offense by a preponderance of the evidence. Under all the circumstances present here, the father's two encounters with the petitioner

on public sidewalks in his own neighborhood did not, in and of themselves, constitute "following" the petitioner within the meaning of Penal Law § 240.26 (2). Further, the petitioner failed to establish that the father had the requisite intent to harass, annoy, or alarm her (*see* Penal Law § 240.26; *see generally Matter of Shana SS. v Jeremy TT.*, 111 AD3d 1090, 1091 [2013]). Moreover, we reject as speculative and unreliable the petitioner's testimony that the father used his cell phone to record her for approximately one minute. Among other things, there was no testimony about the existence of any video recording and, based on the vantage point from which the petitioner observed the father holding his cell phone, it would be all but impossible for her to know what he was doing with the phone, if anything. Significantly, the father unequivocally denied that he was holding his phone at the time of the incident, let alone that he made a video recording of the petitioner.

Accordingly, the petition must be denied, and the proceeding dismissed. Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.