■ In the Matter of KIMBERLY O., Respondent, v JAHED M., Appellant. [58 NYS3d 367]—

Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about December 9, 2015, which, upon a finding that respondent committed the family offenses of harassment in the second degree and stalking, granted petitioner a two-year order of protection, unanimously affirmed, without costs.

Family Court properly exercised jurisdiction over this matter pursuant to Family Court Act § 812 (1) (e), since undisputed evidence established that the parties were former boyfriend and girlfriend and, accordingly, had an "intimate relationship" within the meaning of that statute (*see Matter of Xin Li v Ramos*, 125 AD3d 681 [2d Dept 2015]; *Matter of Jessica D. v Jeremy H.*, 77 AD3d 87, 88 [3d Dept 2010]), even if the relationship ended before the petition was filed (*see Matter of Willis v Rhinehart*, 76 AD3d 641, 643 [2d Dept 2010]).

Family Court's denial of respondent's request for a continuance to prepare his cross-examination of petitioner was a provident exercise of discretion, as counsel showed no good cause for his request (*see* Family Ct Act § 836; *Matter of Steven B.*, 6 NY3d 888 [2006]). Counsel had six weeks to meet with his client and prepare his cross-examination, he offered no explanation why he had failed to do so, and his stated need to review unspecified documents in order to prepare does not suffice, as counsel never explained the relevance of those documents, and respondent never referred to them in the course of his own, subsequent testimony.

Family Court did not state on the record the facts it deemed essential in granting the petition (*see Matter of Rosenbloom v Rosenbloom*, 122 AD3d 864 [2d Dept 2014]), but remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (*Matter of Jose L.I.*, 46 NY2d 1024 [1979]). Based on that independent review, we conclude that the finding that respondent committed the offenses of harassment in the second degree and stalking is supported by a fair preponderance of the evidence (*see* Family Ct Act § 832).

Petitioner testified when she came home in the early morning of August 11, 2013, she was startled to find respondent on the landing of her apartment, at which point he, among other physical acts, charged at her, put his forearm on her throat to try to stop her from breathing, and either pushed her or otherwise caused her to fall on the floor. These acts constitute harassment in the second degree (*see* Penal Law § 240.26 [1]; *see also Matter of Tamara A. v Anthony Wayne S.*, 110 AD3d 560 [1st Dept 2013]). Her testimony that respondent would follow her as she walked to the train on the way to work in the mornings while screaming insults and obscenities at her supports a finding that respondent committed acts that constitute harassment in the second degree pursuant to Penal Law § 240.26 (2). Petitioner also testified that, in addition to this conduct, respondent appeared on her landing on another occasion, banged on her door until she called the police, and, in August, 2015, on yet another occasion, accosted her and her friend while they were walking near her apartment, and, while charging at them, made hostile comments until they were safely inside her building. She testified that respondent's conduct had "scared me half to death," and that she was "terrified of him," and her testimony establishes a course of conduct within Penal Law § 240.26 (3). Moreover, the conduct that supports harassment under Penal Law § 240.26 (2) also constitutes stalking (*see* Penal Law § 120.45).

We perceive no reason to disturb Family Court's credibility determinations (*Matter of Melind M. v Joseph P.*, 95 AD3d 553, 555 [1st Dept 2012]). Respondent's defense was comprised of only general denials and incoherent statements, and was discredited by his own claimed need for an order of protection. Concur—Sweeny, J.P., Mazzarelli, Webber, Kahn and Kern, JJ.