Matter of McGorman v McGorman (2018 NY Slip Op 08023)





Matter of McGorman v McGorman


2018 NY Slip Op 08023


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-06560
 (Docket No. O-68-16)

[*1]In the Matter of Megan H. McGorman, respondent,
v
Patrick M. McGorman, appellant.


Patrick M. McGorman, Cornwall, NY, appellant pro se.
Gary E. Eisenberg, New City, NY, attorney for the children.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Orange County (Carol S. Klein, J.), entered May 25, 2017. The order of protection directed the father to stay away from the mother for a period up to and including May 25, 2022, and to refrain from assaulting, harassing, or committing any other criminal offense against the parties' four children for a period up to and including May 25, 2019.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The mother commenced this family offense proceeding alleging numerous acts of domestic violence committed against her by her husband, the father of their four children. After a hearing, at which the mother testified in detail as to those acts of domestic violence, the Family Court found that the allegations had been proven, and issued an order of protection in favor of the mother and the four children.
We agree with the Family Court's finding that the allegations in the family offense petition of harassment in the first degree (Penal Law § 240.25), harassment in the second degree (Penal Law § 240.26), and aggravated harassment in the second degree (Penal Law § 240.30[4]) are supported by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Alam v Alam, 108 AD3d 665). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record (see Matter of Blamoville v Culbertson, 151 AD3d 1058; Matter of Kiani v Kiani, 134 AD3d 1036; Matter of Kanterakis v Kanterakis, 102 AD3d 784).
The father's contentions regarding the Family Court's lack of jurisdiction are without merit (see Family Ct Act §§ 812[1]; 818).
The father's contentions that the Family Court violated Family Court Act §§ 261 and 262, regarding assignment of counsel, are not supported by the record.
There was sufficient evidence of aggravating circumstances as to the mother to [*2]support the Family Court's issuance a five-year stay away order of protection in her favor (see Family Ct Act §§ 827[a][vii]; 842; Matter of Raymond v Raymond, 135 AD3d 771).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court