Matter of Hefley v Luck (2020 NY Slip Op 00274)





Matter of Hefley v Luck


2020 NY Slip Op 00274


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2019-05707
 (Docket No. O-9544/18)

[*1]In the Matter of Leroy S. Hefley, respondent,
v
Toni R. Luck, appellant.


Jennifer Hersh, Jamaica, NY, for appellant.
Law and Mediation Offices of Helene Bernstein, PLLC, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Toni R. Luck appeals from an order of fact-finding and disposition of the Family Court, Queens County (Mildred T. Negron, J.), dated May 1, 2019. The order of fact-finding and disposition, after a hearing, found that Toni R. Luck committed the family offenses of disorderly conduct, harassment in the second degree, and reckless endangerment in the second degree, and directed her to comply with the terms set forth in an order of protection of the same court, also dated May 1, 2019, for a period of two years.
ORDERED that the order of fact-finding and disposition is modified, on the law, by deleting the provision thereof finding that Toni R. Luck committed the family offense of reckless endangerment in the second degree; as so modified, the order is affirmed, without costs or disbursements.
The petitioner and the appellant are half-siblings and co-owners of a multi-family home in Jamaica, Queens. In May 2018, the petitioner filed a family offense petition seeking an order of protection against the appellant, alleging that the appellant had committed certain family offenses. After a hearing, the Family Court found that the appellant had committed the family offenses of disorderly conduct, harassment in the second degree, and reckless endangerment in the second degree. The court directed the appellant to comply with the terms set forth in an order of protection, also dated May 1, 2019, for a period of two years.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Estime v Civil, 168 AD3d 936, 937; Matter of Matheson v Matheson, 140 AD3d 1068, 1069). "Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record" (Matter of Estime v Civil, 168 AD3d at 937; see Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122). Here, a fair preponderance of the evidence adduced at the hearing supported the Family Court's determination that the appellant committed the family offenses of disorderly conduct and harassment in the second (see Family Ct Act §§ 812[1]; 832; Matter of Self v Self, 167 AD3d 631, 632; Matter of Kiani v Kiani, 134 AD3d 1036, [*2]1037-1038).
However, contrary to the Family Court's finding, the petitioner failed to establish by a fair preponderance of the evidence that the appellant committed the family offense of reckless endangerment in the second degree, since the appellant's actions did not create a substantial risk of serious physical injury (see Penal Law § 120.20; Matter of Porter v Moore, 149 AD3d 1082, 1084; Matter of Campbell v Campbell, 123 AD3d 1123, 1124-1125). While the court should not have found that the appellant committed the family offense of reckless endangerment in the second degree, the order of protection was nevertheless warranted based upon the court's findings with respect to the other two family offenses (see Matter of Kiani v Kiani, 134 AD3d at 1038; Matter of Campbell v Campbell, 123 AD3d at 1125).
The appellant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court