Matter of Morales v Vaillant (2020 NY Slip Op 05389)





Matter of Morales v Vaillant


2020 NY Slip Op 05389


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


802 CAF 19-00395

[*1]IN THE MATTER OF VICTOR MORALES, PETITIONER-RESPONDENT,
v
YAIMEL VAILLANT, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT. 
EMILY A. VELLA, SPRINGVILLE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered January 14, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act articles 6 and 8, respondent mother appeals in appeal No. 1 from an order that, inter alia, granted the petition of petitioner father seeking modification of the existing custody and visitation order by awarding him sole legal and physical custody of the parties' child, with visitation to the mother. In appeal No. 2, the mother appeals from an order of protection issued upon a finding that she committed the family offense of reckless endangerment in the second degree against the child.
Contrary to the mother's contention in appeal No. 1, Family Court properly determined that the father met his burden of establishing a change in circumstances sufficient to warrant an inquiry into whether a modification of the custody and visitation arrangement is in the best interests of the child (see Matter of Greene v Kranock, 160 AD3d 1476, 1476 [4th Dept 2018]). Here, "according due deference to the court's assessment of witness credibility" (Matter of Voorhees v Talerico, 128 AD3d 1466, 1466 [4th Dept 2015], lv denied 25 NY3d 915 [2015]), we conclude that the evidence at the hearing established the requisite change in circumstances based on, inter alia, the mother's inability to handle the then 3½-year-old child's purported misbehavior and her resort to inappropriate physical discipline to punish the child (see Matter of DeJesus v Gonzalez, 136 AD3d 1358, 1360 [4th Dept 2016], lv denied 27 NY3d 906 [2016]; Matter of Samuel v Samuel, 64 AD3d 920, 921 [3d Dept 2009]; Matter of Hagans v Harden, 12 AD3d 972, 973 [3d Dept 2004], lv denied 4 NY3d 705 [2005]) and the parties' "heightened inability 'to communicate in a manner conducive to sharing joint custody' " (Murray v Murray, 179 AD3d 1546, 1546 [4th Dept 2020]; see Matter of Ladd v Krupp, 136 AD3d 1391, 1392 [4th Dept 2016]; Matter of York v Zullich, 89 AD3d 1447, 1448 [4th Dept 2011]).
Contrary to the mother's further contention in appeal No. 1, we conclude that the court properly determined that modifying the existing custody and visitation order was in the best interests of the child. The record establishes that the court's determination resulted from a "careful weighing of [the] appropriate factors . . . and . . . has a sound and substantial basis in the record" (Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018] [internal quotation marks omitted]; see DeJesus, 136 AD3d at 1360; see generally Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]).
We agree with the mother in appeal No. 2, however, that the father failed to establish by a fair preponderance of the evidence that the mother committed the family offense of reckless [*2]endangerment in the second degree (Penal Law § 120.20; see Family Ct Act §§ 812 [1]; 832) inasmuch as the mother's acts did not create a substantial risk of serious physical injury (see Penal Law § 10.00 [10]; Matter of Hefley v Luck, 179 AD3d 797, 798 [2d Dept 2020]). We therefore reverse the order in appeal No. 2 and dismiss the petition.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court