Matter of Sealy v Peart (2023 NY Slip Op 02128)

Matter of Sealy v Peart

2023 NY Slip Op 02128

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2021-09051
2021-09057
 (Docket Nos. O-1014-21, O-2116-21)

[*1]In the Matter of Tyrone Sealy, respondent,
v
Olivia Peart, appellant. (Proceeding No. 1.)
In the Matter of Olivia Peart, appellant,
Tyrone Sealy, respondent. (Proceeding No. 2.)

New York Legal Assistance Group, New York, NY (Lisa Rivera and Amanda M. Beltz of counsel), for appellant.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, Olivia Peart appeals from two orders of protection of the Family Court, Queens County (Daniel Lewis, J.), both dated October 14, 2021. The first order of protection, after a hearing, inter alia, directed Olivia Peart to stay away from Tyrone Sealy until and including October 14, 2022. The second order of protection, insofar as appealed from, after a hearing, in effect, did not find aggravating circumstances existed and directed Tyrone Sealy to stay away from Olivia Peart only until and including October 14, 2022.
ORDERED the matters are remitted to the Family Court, Queens County, to set forth the findings of fact that formed the basis of its determinations, and the appeals are held in abeyance in the interim. The Family Court, Queens County, is directed to file its report with all convenient speed.
The parties were previously engaged. On or about January 20, 2021, Tyrone Sealy filed a petition alleging that Olivia Peart committed various family offenses against him. Thereafter, on or about March 11, 2021, Peart filed a petition alleging that Sealy committed various family offenses against her. After a hearing on, among other things, the parties' family offense petitions, the Family Court issued mutual orders of protection dated October 14, 2021, directing, inter alia, that each party stay away from the other until and including October 14, 2022. Peart appeals from the order of protection directing that she stay away from Sealy, and from so much of the order of protection directing that Sealy stay away from her as, in effect, did not find aggravating circumstances existed and directed that Sealy stay away from her only until and including October 14, 2022.
In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition (see Matter of Self v Self, 167 AD3d 631, 632; Matter of Frimer v Frimer, 143 AD3d 895, 896; Matter of Bah v Bah, 112 AD3d 921, 921). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported [*2]by the record (see Matter of Kalyan v Trasybule, 189 AD3d 1046, 1046; Matter of Frimer v Frimer, 143 AD3d at 896; Matter of Savas v Bruen, 139 AD3d 737, 738).
Effective appellate review requires that appropriate factual findings be made by the hearing court since it is the court best able to measure the credibility of the witnesses (see Matter of Jose L. I., 46 NY2d 1024, 1026; Matter of Gray v Tyson, 205 AD3d 720, 721; Matter of Georgiou-Ely v Ely, 194 AD3d 715, 716). In granting or denying a petition for an order of protection, the Family Court must state the facts deemed essential to its determination (see CPLR 4213[b]; Matter of Milworm v Milworm, 132 AD3d 677, 677; Matter of Deepti v Kaushik, 126 AD3d 790, 790; Matter of Smith v Falco-Boric, 87 AD3d 1146, 1147). Remittal is not necessary, however, where the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Porter v Moore, 149 AD3d 1082, 1083; Matter of Deepti v Kaushik, 126 AD3d at 790; Matter of Smith v Falco-Boric, 87 AD3d at 1147).
Here, the Family Court, which was presented with sharply conflicting accounts by the parties regarding their allegations, issued mutual orders of protection without setting forth any findings with respect to the credibility of the parties or the facts deemed essential to its determinations (see CPLR 4213[b]). Since the record presents factual issues, including questions of credibility, and in light of the conflicting allegations made by the parties against each other, resolution thereof is best left to the court of first instance (see McDermott v McDermott, 124 AD2d 715, 715). Accordingly, the appeals are held in abeyance and the matters are remitted to the Family Court, Queens County, to set forth the findings of fact that formed the basis of its determinations (see Matter of Bouie v Arvelo-Smith, 12 AD3d 668, 668; Matter of Carter, 295 AD2d 617, 618; McDermott v McDermott, 124 AD2d at 715).
DILLON, J.P., CONNOLLY, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court