Matter of Martinez v Toussaint (2023 NY Slip Op 06251)

Matter of Martinez v Toussaint

2023 NY Slip Op 06251

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-08394 
2022-08395
 (Docket No. O-946-22)

[*1]In the Matter of Armando Martinez, respondent,
v
Rae Salma Toussaint, appellant.

Elliot Green, Brooklyn, NY, for appellant.
Jill M. Zuccardy, New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the appeals are from (1) an order of fact-finding and disposition of the Family Court, Kings County (Gregory Gliedman, J.), dated September 30, 2022, and (2) an order of protection of the same court also dated September 30, 2022. The order of fact-finding and disposition, after a hearing, found that the appellant committed the family offense of reckless endangerment in the second degree and directed the issuance of an order of protection. The order of protection, inter alia, directed the appellant to stay away from the petitioner until and including September 29, 2024.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
In 2020, the parties, who were previously acquainted, engaged in unprotected sex on two occasions. After the second encounter, the appellant informed the petitioner that she was HIV-positive. The petitioner was thereafter diagnosed with HIV.
The petitioner commenced this proceeding against the appellant, alleging, inter alia, that she committed the family offense of reckless endangerment in the second degree. After a hearing, the Family Court found that the appellant committed the family offense of reckless endangerment in the second degree and issued an order of protection in favor of the petitioner. These appeals ensued.
Family Court Act § 812(1)(e) provides that the Family Court has jurisdiction over any proceeding involving "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time." The Legislature provided factors for the court to consider when determining whether the parties have an "intimate relationship" within the scope of Family Court Act article 8 (id. § 812[1][e]). These factors are: "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (id.). "[C]asual acquaintance [and] ordinary fraternization . . . in business or social contexts" are insufficient for an intimate relationship under the statute (id.).
Here, contrary to the appellant's contention on appeal, the parties had an intimate relationship within the scope of Family Court Act § 812(1)(e) (see Matter of Eno v Illovsky, 214 AD3d 865, 867). The parties had known each other for several years before their relationship became sexual. They had a direct relationship with each other and that relationship was more than casual acquaintance or ordinary fraternization (see Family Ct Act § 812[1][e]; Matter of Silverman v Leibowitz, 208 AD3d 1332, 1333; see also Matter of Royster v Murray, 157 AD3d 701, 703). The appellant herself acknowledged before the Family Court that the parties had an intimate relationship.
In a family offense proceeding, the petitioner must prove the allegations by a "fair preponderance of the evidence" (Matter of Jones v Jones, 210 AD3d 983, 984; see Matter of Hefley v Luck, 179 AD3d 797, 798). The Family Court's finding regarding the credibility of the petitioner's testimony is "entitled to great weight on appeal, such that [it] will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083).
Contrary to the appellant's contention, the petitioner, through his undisputed testimony, demonstrated by a fair preponderance of the evidence that the appellant committed the family offense of reckless endangerment in the second degree (see People v Williams, 24 NY3d 1129, 1130-1131). The appellant did not introduce any evidence at the hearing to refute the petitioner's testimony that the appellant informed him of her HIV status only after they had unprotected sex twice. The Family Court's determination was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Townes v Diggs, 216 AD3d 1104, 1105).
The appellant's remaining contention is improperly raised for the first time on appeal.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court